LEW M. LOWE v. WALTER G. BENZ.[1]

January 29, 1909.

Nos. 15,687—(53).

Action in the municipal court of Minneapolis to recover $50, the amount of a check drawn by plaintiff in favor of his brother and by his brother paid to defendant. The answer alleged a sale to plaintiff of an automobile for the price of $450, on which the sum of $50, represented by the check, had been paid. The case was tried before Charles L. Smith, J., who directed a verdict in favor of plaintiff for $51. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Chas. A. Dalby*, for appellant.

*Evans & Peterson*, for respondent.

PER CURIAM.

This was an action to recover $50 paid on an automobile. Plaintiff had instructed his brother in writing to enter into a contract for its purchase, subject to plaintiff's approval, and not to bind plaintiff. The brother selected an automobile and paid $50. Subsequently plaintiff himself called at defendant's place of business, refused to take the automobile, and demanded his money back. The trial court ordered verdict for the plaintiff.

Defendant urges: "When plaintiff called and gave the dealer his reasons for not taking the car, and when plaintiff then knew that his brother, as his agent, had assumed to act for him, that plaintiff did not then either claim that his brother had no such authority to act, nor did he deny the authority by which the agent had pretended to act, nor did he in any manner disaffirm such authority, but told the dealer he wanted a larger car. * * * When a principal clothes his agent with some authority, and the agent transcends that authority, or assumes other authority, and the principal does not wish to be bound by it, some positive duty then devolves on the principal, and that is to repudiate, disavow, or disaffirm such assumed authority to act for him. Nothing like that is even shown in this case on plaintiff's part." The question of sufficiency of actual disaffirmance is purely one of fact. The record discloses enough uncontroverted testimony to sustain the court's order.

Affirmed.

[1] Reported in 119 N. W. 249.